DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael D. Baker, appeals from the judgment of the Summit County Court of Common Pleas that adjudicated him a sexual predator. We affirm.
 I. {¶ 2} On April 5, 2004, the Summit County Grand Jury indicted Mr. Baker of two counts of gross sexual imposition, in violation of R.C.2907.05(A)(4), third degree felonies; and two counts of public indecency, in violation of R.C. 2907.09, third degree misdemeanors. Mr. Baker initially pled not guilty to the charges, but later retracted this plea and entered a guilty plea to the two counts of gross sexual imposition. The public indecency charges were dismissed.
 {¶ 3} A sexual classification hearing was held, pursuant to which the court adjudicated Mr. Baker a sexual predator under R.C. 2950.09(C). The trial court sentenced Mr. Baker accordingly. This appeal followed.
 {¶ 4} Mr. Baker timely appealed, asserting two assignments of error for review. We address Mr. Baker's first and second assignments of error together, as they involve similar questions of law and fact.
 II. First Assignment of Error
"The trial court erred in designating the appellant a sexual predator as the record contains insufficient evidence to support a sexual predator designation."
 Second Assignment of Error
"The trial court's sexual predator determination is against the manifest weight of the evidence."
 {¶ 5} In his first assignment of error, Mr. Baker asserts that his sexual predator adjudication is not supported by sufficient evidence. In his second assignment of error, Mr. Baker asserts that the adjudication is against the manifest weight of the evidence.
 {¶ 6} First, we note the appropriate standard of review, as articulated by this Court in State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002:
"The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is `some competent, credible evidence' to support the trial court's determination. * * * This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence." (Internal citations, quotations, and edits omitted.) Id. at ¶ 6.
 {¶ 7} Furthermore:
"[T]he clearly erroneous standard of review is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent reversal. Thus, this Court is guided by a presumption that the findings of a trial court are correct, since the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony." (Internal citation, quotation, and edit omitted.) Id. at ¶ 9.
 {¶ 8} Pursuant to a hearing on the matter, a trial court must make a determination as to whether the person who pled guilty to the sexually oriented offense is a sexual predator. R.C. 2950.09(B)(1)(a). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the factors specified in R.C.2950.09(B)(3), and the testimony and evidence presented at the hearing. R.C. 2950.09(B)(3).
 {¶ 9} Mr. Baker argues that testimony was presented that drugs and alcohol were not used during the incidents, and that no threats were made during the incidents. See R.C. 2950.09(B)(3)(e) (i). Additionally, Mr. Baker argues that the trial court improperly stated in its judgment entry that both parties stipulated to Mr. Baker being a sexual predator.
 {¶ 10} Despite Mr. Baker's complaints, we find that competent, credible evidence otherwise exists in the record to support Mr. Baker's sexual predator adjudication. See Unrue at ¶ 6. The trial court considered testimony regarding Mr. Baker's history of molestation of young children. Specifically, Mr. Baker had prior gross sexual imposition and indecent exposure convictions, and yet another allegation from a young boy existed. See R.C. 2950.09(B)(3)(b). Mr. Baker was 44 years old at the time this most recent incident occurred with the eight-year old victim. See R.C. 2950.09(B)(3)(a) (c). The court also noted Mr. Baker's behavioral characteristics. In particular, the court commented on Mr. Baker's own admission of these recurring problems, despite having received counseling.
 {¶ 11} Based upon the foregoing, we find that the adjudication is not clearly erroneous. See Unrue at ¶ 7. Thus, we conclude that the trial court did not err in adjudicating Mr. Baker a sexual predator. Accordingly, Mr. Baker's first and second assignments of error are overruled.
 III. {¶ 12} Mr. Baker's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. Concur.